UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Harold Saunders, Jr., #11022-058 *aka Edward H. Saunders, Jr.* </br></br>Petitioner, </br></br>vs. </br></br>Mary M. Mitchell, Warden FCI-Edgefield, </br></br>Respondent, | C/A: 8:11-cv-156-JFA-BHH </br></br></br></br></br>Report and Recommendation |

Petitioner, who is a federal inmate at FCI Edgefield in Edgefield, South Carolina, has submitted a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner alleges that he has been unlawfully detained in FCI Edgefield's Special Housing Unit (SHU) after being found guilty of a disciplinary violation of "Prohibited Act Code 224A" (attempted assault on staff) which allegedly occurred on May 20, 2010. Petitioner alleges that the violation carries a maximum penalty of thirty (30) days detention segregation, but that he has been confined for eight (8) months following his hearing, on August 31, 2010, before a Disciplinary Hearing Officer (DHO) who sentenced Petitioner to thirty (30) days detention segregation and six months' loss of telephone and commissary privileges. Petitioner alleges that, on September 20, 2010, he filed a Regional Administrative Remedy Appeal with the Federal Bureau of Prisons (BOP), arguing that he was denied the right to call witnesses, exculpatory evidence was withheld from him, and he was denied access to impeachment material at his August 31, 2010 hearing. Petitioner alleges that, on October 19, 2010, the Regional Director granted the appeal and remanded his disciplinary case to the FCI Edgefield DHO for a rehearing. Petitioner alleges that the rehearing was

1

conducted on November 9, 2010, in violation of 28 C.F.R. § 541.17(d) while FCI Edgefield was on emergency lockdown (which status has continued to the present time), and he was not given notice of the rehearing, or allowed to be present, submit documentary evidence, or call witnesses. Petitioner alleges that the same DHO again found him guilty of the same violation and imposed the same sentence as before. Petitioner alleges that "assuming arguendo the warden will argue a transfer is pending [,] there is no legal basis to continue detaining [him] in SHU because he poses no threat to general population and there is a likelihood he will again prevail on appeal premise[d] upon the November 9, 2010 denial of a constitutional right to a fair hearing." (ECF No. 1, p. 4). Petitioner requests that this Court order Respondent Warden Mary Mitchell to show cause for unlawfully detaining him in SHU.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This court is charged with screening Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing

Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This Court is required to liberally construe *pro se* petitions. *Erickson v. Pardus*, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

28 U.S.C. § 2241 has been resorted to and found to be a valid means of court review in situations in which a state or federal prisoner challenges the execution of his or her sentence, as opposed to challenging the underlying validity of his or her conviction and sentence. For example, § 2241 has been found available in actions challenging the administration of parole, *see Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); the computation of good time or jail time credits, *see McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-05(6th Cir. 1993); prison disciplinary actions, *see United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); imprisonment allegedly beyond the expiration of a sentence, *see Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991); and unsuccessful attempts to overturn federal convictions, *see San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002). Essentially, § 2241 may be an appropriate basis for a habeas petition where a federal prisoner challenges the duration or conditions of his or her confinement, without challenging his or her underlying conviction and sentence. A prisoner's challenge to his or her underlying federal sentence and conviction may be made only through a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence, except in rare instances when § 2255 is shown to be inadequate or ineffective to challenge the legality of a federal prisoner's detention. Monetary damages are not an available remedy in a habeas corpus action. *Heck v. Humphrey*, 512 U.S. 477, 481-82 (1994); *McKinney-Bey v. Hawk-Sawyer*, No. 03-6455, 69 Fed. Appx. 113, 113 (4th Cir. May 29, 2003).

As a threshold matter, Petitioner's Petition fails to establish that Petitioner is entitled to relief in this Court because the alleged violation of due process at his disciplinary hearings did not result in the loss of any constitutionally protected liberty interest, such as an inmate's "good time" credits, or the imposition on Petitioner of any atypical and significant hardship in relation to the ordinary incidents of prison life. Under *Wolff v. McDonnell*, 418 U.S. 539 (1974) minimal due process is required when good time credits are taken away, *i.e.* (1) 24 hours advance written notice of charges; (2) written statement by factfinder as to evidence relied upon; (3) written statement by factfinder as to reason for disciplinary action taken; (4) opportunity to call witnesses and present documentary evidence, provided the presentation of such does not threaten institutional safety or correctional goals[1] ; (5) counsel substitute if inmate is illiterate or case is complex; (6) impartial hearing tribunal. See *O'Bar v. Pinion*, 953 F.2d 74 (4th Cir. 1991), *Al-Shabazz v. State*, 338 S.C. 354, 527 S.E. 2d 742 (2000). Under *Sandin v. Conner*, 515 U.S. 472, 484 (1995), however, such limited right of due process is required *only* in an inmate disciplinary action that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," which, in this circuit, has been held *not* to include:

---

[1] Petitioner's claim that the BOP DHO violated C.F.R. § 541.17(d) at his disciplinary hearings does not state a plausible Fourteenth Amendment procedural due process claim either. Petitioner does not have an unqualified constitutional right to call/confront witnesses at a prison disciplinary proceeding. "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit their access to other inmates to collect statements or to compile other documentary evidence." *Wolff*, 418 U.S. at 566; *see also Brown v. Braxton*, 373 F.3d 501, 505 (4th Cir. 2004)(the right to call witnesses and present evidence at prison disciplinary hearing is not unqualified). It is within prison officials' discretion to deny requests to gather evidence or call witnesses and "their decisions are not to be lightly second-guessed by courts far removed from the demands of prison administration." *Brown*, 373 F.3d at 505.

5

disciplinary detention; segregated confinement; loss of prison job[2]; denial of permission to participate in work release[3], or loss of canteen, visitation, and phone privileges.[4] Assignment to disciplinary or administrative segregation does not implicate Fourteenth Amendment due process rights, and segregation is not *per se* cruel and unusual punishment under the Eighth Amendment. *See Allgood v. Morris*, 724 F.2d 1098, 1101 (4th Cir. 1984) (segregated protective custody); *Ross v. Reed*, 719 F.2d 689, 697 (4th Cir. 1983) (administrative segregation). Following the reasoning of the United States Supreme Court in *Sandin*, it appears that no liberty interest is implicated in Petitioner's placement in FCI Edgefield's SHU. *See Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997); *Reffitt v. Nixon*, 917 F. Supp. 409, 413 (E.D. Va. 1996). Additionally, the Fourth Circuit has stated that "[t]he duration of an inmate's stay in segregation is not controlling on the issue of cruel and unusual punishment, even when that duration is quite long." *Ross v. Reed*, 719 F.2d 689, 697 (4th Cir. 1983). Since housing in a segregation unit is not *per se* cruel and unusual punishment and the only factor Petitioner asserts that might support such a claim is its duration beyond the designated period for such a disciplinary violation, Petitioner's

---

[2] Inmates have no federally protected interest in a job assignment. *Williams v. Farrior*, 334 F. Supp. 2d 898, 904 & n.9 (E.D. Va. 2004).

[3] *See Kitchen v. Upshaw*, 286 F.3d 179, 189 (4th Cir. 2002)

[4] While Petitioner does not specifically challenge his loss of commissary and telephone privileges, courts have held that these forms of discipline do not implicate the Due Process Clause of the Fourteenth Amendment. *See United States v. Alkire*, No. 95-7885, 1996 U.S. App. LEXIS 7021, 1996 WL 166400, at *1 (4th Cir. Apr. 10, 1996) (no constitutional right to the use of a phone while in prison); *Goodwin v. Schwartz,* C/A No. 8:10-1760-CMC-BHH, 2010 U.S. Dist. LEXIS 91504 at *4 (D.S.C. Aug. 11, 2010) adopted by, dismissed without prejudice by *Goodwin v. Schwartz*, 2010 U.S. Dist. LEXIS 91506 (D.S.C., Sept. 1, 2010)(canteen access is not a protected liberty interest); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997)(an inmate's commissary restrictions "do not implicate due process concerns")); *White v. Keller*, 438 F. Supp. 110, 115 (D. Md. 1977) ("that there is no constitutional right to prison visitation").

Petition does not state a plausible claim that he has been subjected to a violation of a constitutionally protected liberty interest, such as through physical restraint, transfer to a mental hospital, or the involuntary administration of psychotropic drugs. *See Sandin,* 515 U.S. at 483-84; *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992)("Segregation is one of the conditions of confinement typically contemplated when a person receives a prison sentence; therefore, it is neither cruel and unusual, nor is it a violation of due process.").

In the instant case, it plainly appears on the face of the Petition that Petitioner is not entitled to relief in this Court because the BOP disciplinary hearing sanctions that Petitioner complains of did not involve a protected liberty interest that is sufficient to trigger the protection of the Constitution.

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the Petition in the above-captioned case without prejudice and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim upon which relief may be granted); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Petitioner's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

February 3, 2011
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).